CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 30 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:08CR00047 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| BRIAN LAMONT ROBINSON, | ) | |
| | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a multiple-count Indictment charging defendant in Count One with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); in Count Two with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and in Count Three with knowingly and intentionally distributing fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

On January 28, 2009, a plea hearing was conducted before the undersigned, and pursuant to the terms of the Plea Agreement, the defendant entered a plea of guilty to Count One of the Indictment. At this hearing the defendant was placed under oath and testified his full legal name is Brian Lamont Robinson, he was born on June 4, 1979, and he received formal education up to the

tenth grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that, apart from the terms of a Plea Agreement he had executed with the government, which was filed with the court, no one had made any representations to him. Moreover, no one had made promises, assurances, threats or coerced him in any way in an effort to induce his plea or his execution of the Plea Agreement. The defendant testified that he understood that Count One is a felony, and if his plea is accepted, he will be adjudged guilty of that offense, and the government will move for the dismissal of Counts Two and Three of the Indictment.

The defendant acknowledged that the maximum statutory penalty for Count One is a $1,000,000 fine and/or imprisonment for a term of twenty years, together with a term of supervised release. The defendant was further informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count of conviction, or $100.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States

Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant acknowledged that, in the Plea Agreement, it had been stipulated that USSG § 2D1.1 was applicable to his conduct, and that all matters in the Indictment, including dismissed counts, is relevant conduct for purposes of his sentencing. The defendant stated that he also agreed that the 2008 edition of the United States Sentencing Guidelines was applicable. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the Plea Agreement, the government would recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable, the government would move that he be given an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he was aware that if he fulfilled his obligations under the Plea Agreement the government would recommend a sentence at the middle of the applicable guideline range. The defendant was aware that this merely was a recommendation, and that the court had the discretion to sentence him up to the maximum penalty under the law. The defendant also stated that

3

Case 3:08-cr-00047-NKM   Document 28   Filed 01/30/09   Page 3 of 8   Pageid#: 45

he understood that even if he fully cooperates with law enforcement, the government is under no obligation to file a motion for substantial assistance, and if the government makes the motion, it is up to the court to determine how much of a departure, if any, should be made.

The defendant stated he understood that any information he gives during a proffer or cooperation with the government will not be used against him to enhance his sentence pursuant to USSG § 1B1.8, but that the information could be used to show he is accepting responsibility. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant also acknowledged his consent to the abandonment, official use and/or destruction of anything seized by law enforcement during the investigation of his case. The defendant confirmed his agreement to pay restitution for all matters included in his relevant conduct, and that he would make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed. The defendant agreed he would submit a financial statement, if called upon to do so, and he would not convey anything of value without authorization from the government. The defendant agreed that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and subject to immediate enforcement. The defendant agreed to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

4

Case 3:08-cr-00047-NKM   Document 28   Filed 01/30/09   Page 4 of 8   Pageid#: 46

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify on his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant testified that he understood that under the terms of the agreement he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant stated he was aware that the government had retained its rights to appeal.

The defendant also testified that he understood that he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant stated that he was satisfied with the advice and representation given to him in this case by his counsel, and that he believed the representation had been effective. The defendant asked the court to accept his plea of guilty to Count One and then tendered his plea of "Guilty" to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court, and he had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged, is as follows: If this case had gone to trial, the United States would have presented evidence that on June 17, 2008, the Jefferson Area Drug Enforcement Task Force ("JADE") conducted a controlled purchase of crack cocaine using a confidential informant ("CI"). The CI placed a phone call to Brian Lamont Robinson ("Robinson") and arranged to meet him on 5th Street in Charlottesville. The CI drove to the area and parked on a side street, still

marked 5th Street, and Robinson arrived and parked on the same side street. The CI then purchased crack cocaine from Robinson with the $150 JADE officers previously provided the CI. Officers later recovered 1.1 grams of crack cocaine from the CI. There is a video and audio recording of this transaction.

On July 7, 2008, JADE conducted another controlled purchase of crack cocaine from Robinson. Robinson had previously told the CI to meet Robinson at Trophy Chase Apartments to purchase an "eight ball" of crack cocaine. The CI called Robinson to let Robinson know that the CI had arrived at Trophy Chase Apartments. Robinson arrived at Trophy Chase in his vehicle shortly thereafter. The CI entered Robinson's vehicle and purchased $150 worth of crack cocaine with buy money previously provided by JADE officers. Officers later recovered 0.4 grams of crack cocaine from the CI. There is an audio recording of this transaction.

On August 27, 2008, the JADE Task Force conducted a buy-bust operation utilizing the same CI. The CI was to meet with Robinson again, and to purchase two to three ounces of crack cocaine. The CI picked Robinson up at the Food Lion on 5th Street in Charlottesville. Per JADE instructions, the CI drove with Robinson to Barracks Road, where a marked Albemarle County Police Department unit stopped the CI's vehicle. Officers removed Robinson from the vehicle, whereupon officers discovered three plastic bags in Robinson's front left jacket pocket. The recovered substance was sent to the Virginia State Lab for chemical analysis and on a Certificate of Analysis dated September 12, 2008, the lab reported that the substance was 67.9 grams of cocaine base. This transaction was recorded by a video/audio recording device installed in the CI's vehicle.

At the time of his arrest, Robinson made the following inculpatory statement: "He set me up, didn't he?"

All three of these incidents occurred within the Western Judicial District of Virginia.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for April 27, 2009 at 9:30 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

_1-30-09_____
Date

8

Case 3:08-cr-00047-NKM   Document 28   Filed 01/30/09   Page 8 of 8   Pageid#: 50